**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK DAVY COMBS,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No.: 24-cv-2310-DMS-MSB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO QUASH; DENYING DEFENDANT'S MOTION TO DISMISS; AND GRANTING DEFENDANT'S MOTION TO SUMMARILY DENY PLAINTIFF'S MOTION TO QUASH AND ENFORCE IRS SUMMONS** |

Pending before the Court are Plaintiff's Motion to Quash Summons (Plaintiff's Motion, ECF No. 1) and Defendant's Motion to Dismiss or Summarily Deny Plaintiff's Motion to Quash and Enforce IRS Summons (Defendant's Motion, ECF No. 6). Plaintiff, proceeding pro se, filed a response in opposition to Defendant's Motion. (Plaintiff's Opposition, ECF No. 7). The Court found this matter to be suitable for resolution without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 9). For the following reasons, the Court denies Plaintiff's Motion to Quash Summons, denies Defendant's Motion to Dismiss, and grants Defendant's Motion to Summarily Deny Plaintiff's Motion to Quash and Enforce IRS Summons.

## I. BACKGROUND

This matter arises out of Defendant's efforts to collect on Plaintiff's unpaid tax liabilities (Plaintiff's Motion, at 3). On November 13, 2024, the Internal Revenue Service ("IRS") issued summons on third-party Umpqua Bank for certain of Plaintiff's and other entities' financial records from November 2023 through the date of compliance with the summons.[1] (*Id.* at 7). Plaintiff then filed this action to quash the IRS summons as to four of the legal entities.[2] (Plaintiff's Motion). The government now moves to dismiss or summarily deny Plaintiff's motion to quash and enforce IRS summons. (Defendant's Motion).

## II. LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). A challenge to subject matter jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Thus, when considering a motion pursuant to Rule 12(b)(1), a court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual

---

[1] The other entities include Great Thinking LLC, Might LLC, Good Thinking Company Inc., Good Money Company Inc., Miracle Minded Inc., Casa De Bliss, and Bliss Champions LLC. (Plaintiff's Motion, at 6–7).

[2] The four legal entities are Might LLC, Good Money Company Inc., Miracle Minded Inc., and Casa De Bliss Inc. (*Id.* at 2–3).

disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

### III. DISCUSSION

#### A. Civil Local Rule 83.3(j)

Under Civil Local Rule 83.3(j), "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." Civ. L. R. 83.3(j). Defendant first contends that Plaintiff is violating circuit case law and this district's civil local rules by representing the interests of other legal entities while proceeding pro se. (Defendant's Motion, at 12–13). Plaintiff, according to Defendant, "is bringing forth a petition to quash the IRS summons on behalf of the legal entities listed in the summons," thereby "representing the legal interest of [those] entities." (*Id.* at 12).

The Court previously issued an order requiring Plaintiff to substitute-in counsel. (ECF No. 2). Plaintiff filed a response, arguing that he was "acting in the capacity of a whistleblower/witness." (ECF No. 4). The Court interpreted Plaintiff's response to mean that he is proceeding in his own interest to quash the IRS summons on a third party for their records of other legal entities. (ECF No. 5). Thus, the Court finds that Plaintiff was and is still in compliance with Civil Local Rule 83.3(j). Accordingly, the Court declines to dismiss Plaintiff's Motion on this ground and **DENIES** Defendant's motion to dismiss.

#### B. Standing to File Motion to Quash

"The IRS may issue a summons pursuant to § 7602 for the purpose of 'ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability.'" *Action Recycling Inc. v. U.S.*, 721 F.3d 1142, 1144 (9th Cir. 2013) (quoting 26 U.S.C. § 7602(a)). "If the IRS issues a summons to a third party, the taxpayer is entitled to notice of the summons (subject to the exceptions set forth in § 7609(c)(2)-(3)) and has a right to

1  intervene and to move to quash the summons." *Id.* (citing 26 U.S.C. §§ 7603, 7609). "The
2  issue of who gets notice is highly significant because only a person who is entitled to notice
3  may bring a proceeding to quash such a summons." *Viewtech, Inc. v. U.S.*, 653 F.3d 1102,
4  1104 (9th Cir. 2011) (citing 26 U.S.C. § 7609(b)(2)(A)), *abrogated on other grounds*,
5  *Polselli v. Internal Revenue Service*, 598 U.S. 432 (2023)).

6      Under 26 U.S.C. § 7609(c)(2)(D)(i), the notice requirement "shall not apply to any
7  summons issued in aid of the collection of an assessment made or judgment rendered
8  against the person with respect to whose liability the summons is issued."
9  26 U.S.C. § 7609(c)(2)(D)(i). As discussed by the Supreme Court in *Polselli v. Internal*
10 *Revenue Service*, "[t]he statute sets forth three conditions to exempt the IRS from providing
11 notice." 598 U.S. at 438. "First, a summons must be 'issued in aid of . . . collection.'
12 Second, it must aid the collection of 'an assessment made or judgment rendered.' By
13 'assessment,' the Code refers to the official recording of a taxpayer's liability.' . . . Third,
14 a summons must aid the collection of assessments or judgments 'against the person with
15 respect to whose liability the summons is issued.'" *Id.* (first quoting § 7609(c)(2)(D); then
16 quoting § 7609(c)(2)(D)(i); then quoting *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 9 (2015);
17 and then quoting § 7609(c)(2)(D)(i)) (internal citations omitted).

18      Plaintiff argues that four of the legal entities discussed in the IRS summons were not
19 in collection and were thus entitled to notice. (Plaintiff's Motion, at 2–3). The IRS's
20 failure to provide notice, according to Plaintiff, meant that Defendant "committed
21 procedural error" that warrants "striking [those] legal entities . . . from . . . Umpqua Bank's
22 requirement to respond." (*Id.* at 3). Plaintiff further argues that the Supreme Court's
23 holding in *Polselli* was limited to "third party record keepers." (Plaintiff's Opposition, at
24 3).

25      In response, the government argues that the IRS summons was issued in aid of
26 collection of Plaintiff's 2010 tax liability and therefore falls squarely into the
27 26 U.S.C. § 7609(c)(2)(D)(i) notice exception. (Defendant's Motion, at 13–16). For
28 support, the government provided the declaration of IRS Revenue Officer Joseph A. Unger.

(Unger Decl., ECF No. 6-2).[3] According to Officer Unger, he "issued the summons in aid of collection of [Plaintiff's] previously assessed federal tax liability . . . , namely, to identify potential sources of assets." (*Id.* ¶ 11). The IRS had assessed certain tax liability against Plaintiff for tax year 2010." (*Id.* ¶ 13). The summons sought documents and information from Umpqua Bank for the listed legal entities because "[Officer Unger's] investigation determined that [Plaintiff] is either an owner or officer of the entities listed in the summons," and thus the information "may therefore assist the IRS in determining whether there are assets held in Umpqua Bank by the entities listed in the summons as the nominee, alter ego, or transferee of [Plaintiff] for the purpose of shielding the assets from the IRS." (*Id.* ¶¶ 13–14).

Based on Officer Unger's declaration, the Court finds that the at-issue IRS summons falls under 26 U.S.C. § 7609(c)(2)(D)(i)'s notice exception. First, the summons was issued to aid in the collection of Plaintiff's 2010 tax liability. (*Id.* ¶ 11). Second, that liability was previously assessed well before the summons was issued. (*Id.* ¶ 13). Third, the summons only requested documents and information pertaining to the collection of Plaintiff's underlying assessed tax liability because the government knew or had reason to suspect that Plaintiff was either an owner or officer of the legal entities. (*Id.*).

The Court is also unconvinced by Plaintiff's assertion that *Polselli* was limited to "third-party record keepers." (Plaintiff's Opposition, at 3). Plaintiff misreads *Polselli*. As here, *Polselli* involved motions to quash filed by the persons whose underlying tax assessments were the primary subject of the IRS's collections summonses on third parties. *See* 598 U.S. at 436. Accordingly, the Court **DENIES** Plaintiff's Motion to Quash.

**C. Enforcing IRS Summons**

Both Plaintiff and the government appear to be in agreement that the test set forth in *United States v. Powell* governs the enforcement of an IRS summons. (Plaintiff's

---

[3] The government failed to include page two of Officer Unger's declaration in its motion. However, the Court notes that the rest of the declaration provided sufficient detail for the Court to rely on it.

| | |
|---|---|
|1| Opposition, at 4–5); (Defendant's Motion, at 17–23).  Under *Powell*, the government may |
|2| establish a *prima facie* case to enforce the summons if it shows: (1) the summons was |
|3| issued for a legitimate purpose; (2) the summoned data may be relevant to that purpose; |
|4| (3) the data is not already in the IRS's possession; and (4) the IRS has followed the |
|5| administrative steps for issuing and serving the summons.  *United States v. Powell*, 379 |
|6| U.S. 48, 57–58 (1964).  "The government's burden is a slight one, and may be satisfied by |
|7| a declaration from the investigating agent that the *Powell* requirements have been met." |
|8| *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (internal quotation marks and |
|9| citation omitted).  "Once the government has established the *Powell* elements, 'those |
|10| opposing enforcement of a summons . . . bear the burden to disprove the actual existence |
|11| of a valid civil tax determination or collection purpose by the Service . . . .  Without a |
|12| doubt, this burden is a heavy one.'"  *Id.* (quoting *United States v. Jose*, 131 F.3d 1325, |
|13| 1328 (9th Cir. 1997) (en banc)).  To make the required showing, the petitioner "must allege |
|14| specific facts and evidence to support his allegations of bad faith or improper purpose."  *Id.* |
|15| (quoting *Jose*, 131 F.3d at 1328).  "The taxpayer 'may challenge the summons on any |
|16| appropriate grounds,' including failure to satisfy the *Powell* requirements or abuse of the |
|17| court's process."  *Id.* (quoting Jose, 131 F.3d at 1328).  Meeting the *Powell* requirements |
|18| also defeats a petition to quash.  *See id.* at 1143–44. |
|19|       The government submitted Officer Unger's declaration in support of its argument |
|20| that it established the summons' *prima facie* validity under *Powell*.  First, Officer Unger |
|21| attests that he "issued the summons in aid of the collection of [Plaintiff's] previously |
|22| assessed federal tax liability . . . , namely, to identify potential sources of assets." (Unger |
|23| Decl. ¶ 11).  Second, the requested documents and information were likely relevant to the |
|24| collection of Plaintiff's underlying assessed tax liability because Officer Unger's |
|25| investigation indicated that Plaintiff and the entities had bank accounts with Umpqua Bank |
|26| and Plaintiff is either an owner or officer of the relevant legal entities.  (*Id.* ¶¶ 13–14). |
|27| Third, at the time of the issuance of the summons, "the documents and information sought |
|28| by the summons were not in the possession of the IRS."  (*Id.* ¶ 16).  As of January 28, |

2025, Umpqua Bank "complied with the summons only with respect to the summoned records of [Plaintiff]" and has not complied with the rest of the summons as of February 6, 2025.[4] (*Id.* ¶¶ 16, 18). Fourth, Office Unger attests that he "followed all administrative steps required by the Internal Revenue Code for issuance and service of the summons." (*Id.* ¶ 15). Because Officer Unger's declaration addresses all four *Powell* requirements, the Court finds that the government has established the summons' *prima facie* validity under *Powell*.

Plaintiff only contests the "administrative steps" requirement, arguing that Officer Unger's failure to provide notice to the four contested legal entities constitutes a failure to follow all of the *Powell* requirements. (Plaintiff's Opposition, at 4–5). As discussed, the Court finds that these entities were not entitled to notice pursuant to the notice exception in 26 U.S.C. § 7609(c)(2)(D)(i). Thus, the Court finds that Plaintiff has not met his burden to overcome Defendant's *prima facie* showing of the summons' validity.

Accordingly, the Court **GRANTS** the government's motion to enforce summons. Because meeting the *Powell* elements also defeats a petition to quash, the Court also denies Plaintiff's Motion to Quash on this alternative ground.

### IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Quash, **DENIES** Defendant's Motion to Dismiss, and **GRANTS** Defendant's Motion to Summarily Deny Plaintiff's Motion to Quash and Enforce IRS Summons.

The Court further **ORDERS** that:

1. Defendant shall serve on third-party Umpqua Bank a copy of this order.

2. On or before **March 28, 2025** at **5:00 PM**, Umpqua Bank shall produce to IRS Revenue Officer Joseph A. Unger the documents and records requested in the

---

[4] The Court notes that Officer Unger's declaration was dated February 6, 2024. (Unger Decl., at 3). Since the declaration references many events occurring in 2025, the Court assumes that the intended date was February 6, 2025.

1  November 13, 2024 IRS summons. (ECF No. 1-2, at 2–3). Third-party Umpqua Bank
2  shall also provide a sworn declaration, under the penalty of perjury, stating that after a
3  diligent search, Umpqua Bank has produced all documents in its possession, custody, or
4  control that are responsive to the IRS summons. With respect to each category of
5  documents demanded in the IRS summons, Umpqua bank shall state in its declaration that
6  each category of documents (a) has been produced to the United States, (b) is being
7  produced contemporaneously with the declaration, or (c) is not in Umpqua Banks'
8  possession, custody, or control.

9      3.    Defendant will file a status report with the Court by **April 4, 2025** regarding
10 Umpqua Bank's compliance with the IRS summons.

11     **IT IS SO ORDERED.**

12 Dated: March 10, 2025

Hon. Dana M. Sabraw
United States District Judge